UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:13-CV-22266-LENARD/O'SULLIVAN

MIGUEL ZAMBRANA,   )
                   )
         Plaintiff,)
                   )
v.                 )
                   )
EULEN AMERICA, INC.,)
                   )
         Defendant.)
_____)

**DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Eulen America, Inc. ("Defendant"), by and through its counsel, Duane Morris LLP, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint and submits the following answers to each separately numbered paragraph of Plaintiff's Complaint as follows.

**RESPONSE TO JURISDICTION, PARTIES AND VENUE**

1.  Defendant admits that Plaintiff is seeking in excess of $15,000. Defendant denies that Plaintiff is entitled to any relief. Defendant denies any remaining allegations in Paragraph 1.

2.  Defendant admits that Plaintiff was employed as a security guard roughly described in Paragraph 2. Defendant denies all other allegations in Paragraph 2.

3.  Admitted.

**RESPONSE TO GENERAL ALLEGATIONS**

4.  Denied.

5.  Admit that Plaintiff's wage was $9.75. Defendant denies any remaining allegations in Paragraph 5.

6. Denied.

7. Defendant denies that Plaintiff is entitled to any relief in this action. As to the other allegations in Paragraph 7, Defendant lacks information sufficient to admit or deny the allegations, and therefore denies them.

## RESPONSE TO COUNT I: MINIMUM WAGE VIOLATION

8. Defendant adopts and realleges all responses in Paragraphs 1 through 7 above.

9. Defendant denies that the Complaint describes a minimum wage violation. Defendant denies that Plaintiff has a valid FLSA claim. Defendant denies any remaining allegations in Paragraph 5.

10. Defendant admits that Plaintiff was not classified as exempt under the FLSA's minimum wage provisions. Defendant denies that Plaintiff was paid less than the minimum wage. Defendant denies any remaining allegations in Paragraph 10.

11. Paragraph 11 characterizes the action, and thus no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 11

12. Defendant admits that the United States District Court has subject matter jurisdiction over this matter. Defendant denies any remaining allegations in Paragraph 12.

13. Defendant admits that it is subject to the Fair Labor Standards Act and relevant exemptions thereto. Defendant denies any remaining allegations in Paragraph 13.

14. The allegation is vague and unintelligible. Specifically the allegations refer to activities of both the Defendant and the plaintiff purportedly described in other Paragraphs, but which in fact are not described in those referenced paragraphs or elsewhere in the Complaint. The allegations in Paragraph 14 are therefore denied.

15. Denied.

16. Denied.

17. The allegation contains legal conclusions for which no response is required. Defendant denies all remaining allegations in Paragraph 17.

18. Denied.

19. Denied.

In response to the ad damnum clause following Paragraph 19, Defendant denies that Plaintiff is entitled to any of the relief requested therein.

## RESPONSE TO COUNT II:
## VIOLATION OF 29 U.S.C. § 215(a)(3) AGAINST DEFENDANT

20. Defendant adopts and realleges all responses in Paragraphs 1 through 7 above.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

In response to the ad damnum clause following Paragraph 24, Defendant denies that Plaintiff is entitled to any of the relief requested therein.

## RESPONSE TO COUNT III:
## CLAIM OF OWED WAGES AGAINST DEFENDANT

25  Defendant adopts and realleges all responses in Paragraphs 1 through 7 above.

26. Denied.

27. Denied.

28. Denied.

In response to the ad damnum clause following Paragraph 24, Defendant denies that Plaintiff is entitled to any of the relief requested therein.

Defendant denies that Plaintiff is entitled to a jury trial as to all issues and claims alleged.

3

Defendant denies all allegations except for those allegations which Defendant has expressly admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Any claim for liquidated damages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216, is barred under the Portal-to-Portal Act of 1947, as amended 29 U.S.C. § 260, as Defendant was at all times acting in good faith and had reasonable grounds for believing that its actions were not in violation of the Fair Labor Standards Act.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff failed report hours worked for which he alleges he was not paid.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff failed to mitigate the alleged damages claimed in the Complaint, such failure bars recovery of such damages.

## RESERVATION OF DEFENSES

Defendant reserves the right to file such additional defenses as may become apparent during the course of discovery.

WHEREFORE, having fully answered, Defendant respectfully requests that the Complaint be dismissed and that Defendant recover nothing, that Defendant be awarded its attorney's fees and costs for defending this action, and for such other relief to which Defendant may show itself to be justly entitled.

DM2\4364553.1

Dated:  July 12, 2013                                              Respectfully submitted,

                                                                               **s/ Mark J. Beutler**
Michael W. Casey, III
Florida Bar No. 141430
mwcasey@duanemorris.com
Mark J. Beutler
Florida Bar No. 0023400
mjbeutler@duanemorris.com
DUANE MORRIS LLP
Suite 3400
200 South Biscayne Boulevard
Miami, Florida  33131
Tel: (305) 960-2200
Fax: (305) 960-2201
Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of July, 2013, I caused the foregoing document to be served on all counsel of record or pro se parties identified on the attached Service List in the manner specified.

                                                                               **s/ Mark J. Beutler**
Mark J. Beutler

## SERVICE LIST

Lawrence J. McGuinness, Esq.
McGuinness & Gonzalez, P.A.
1627 SW 37th Avenue, Suite 100
Miami, Florida 33126
Tel: 305.448.9557
Fax: 305.448.9559
E-Mail: ljmpalaw@netzero.com
Counsel for Plaintiff
[Via electronic service using CM/ECF]

DM2\4364553.1